In the Interest of J. M., a minor,
L. A., Appellant.

No. 22580.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 4, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 26, 1999.

Application for Transfer Denied
Oct. 26, 1999.

Richard P. Edgington, Pelts, McMullan
& Edgington, Kennett, Mo., for Appellant.

No brief filed for Respondent.

PREWITT, Judge.

On June 18, 1998, a juvenile officer filed
a Petition for Termination of Parental
Rights, regarding a male child born May
30, 1987. The petition, filed pursuant to
Section 211.447.2, RSMo, alleged that the
minor child was in the legal custody of the
Division of Family Services and had been
under the jurisdiction of the Juvenile
Court since August 21, 1990. The petition
also alleged that the child had been ne-
glected and abandoned and that the par-
ents had failed to provide adequate food,
clothing and shelter for the minor child.

The child's mother filed an answer deny-
ing the allegations of abuse and neglect.
The child's father according to the child's
birth certificate, denied paternity and exe-
cuted a Consent to Termination of Paren-
tal Rights. Another man alleged to be the
natural father did not file an appearance in
the matter, and his parental rights, if any,
were terminated by the judgment.

The judgment, entered August 17, 1998,
also terminated the parental rights of the
mother and awarded legal and actual cus-
tody of the minor child to his foster par-
ents for the purpose of future adoption.
The mother appeals, alleging that the evi-
dence presented does not support a termi-
nation of her parental rights.

Our review of the judgment is in
the nature of appellate review of a non-
jury civil case. Parental rights may be
terminated if it is in the best interest of
the child and the trial court finds clear,
cogent and convincing evidence that sup-
ports one or more of the statutory grounds
set forth in Section 211.447, RSMo. *In the*

*Interest of D.B. v. L.B.A.*, 916 S.W.2d 430, 432(Mo.App.1996).

■ At the hearing on this matter, exhibits were submitted and received by the court, including the file maintained by the Department of Family Services regarding the minor child. When these exhibits were not timely filed here, this court entered an order directing their filing by July 27, 1999. Nevertheless, they were not filed with this court, nor was any explanation for that failure given. We deem that file to be necessary in determining whether the evidence presented supported the judgment. The record on appeal must contain all of the record and evidence necessary for the determination of the questions presented, and it is appellant's duty to compile the record on appeal. Supreme Court Rule 81.12.

■ If exhibits admitted into evidence at trial are not filed on appeal, they are presumed to support the trial court's findings. *M.B. by W.K.B. v. A.T.W.*, 810 S.W.2d 601, 606(Mo.App.1991). Therefore, we presume the exhibits support the court's findings and supplement the oral testimony sufficiently that the judgment is supported by the evidence.

The judgment is affirmed.
GARRISON, C.J., and MONTGOMERY, P.J., concur.